```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARTISE WALKER,

                                Plaintiff,                   11 Civ. 9611 (PKC)(JLC)

              -against-

                                                                 MEMORANDUM
                                                                AND ORDER

THE CITY OF NEW YORK AND THE
DEPARTMENT OF
CORRECTION/WARDEN,

                                Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

         Plaintiff Martise Walker, proceeding pro se, brings this action against the City of New York ("NYC") and New York City Department of Correction/Warden ("DOC") alleging that defendants violated his civil rights by classifying him in the Security Risk Group ("SRG") with neither notice nor an administrative hearing.

         Defendants move to dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted. Plaintiff has not submitted papers opposing the motion to dismiss and has not requested an extension of his time to do so. For reasons to be explained, defendant's motion is granted.

BACKGROUND:

         Plaintiff is a convicted inmate incarcerated at the Eric M. Taylor Center ("EMTC"), a facility at Rikers Island. (Def. Mem. at 3.) Plaintiff alleges that he was classified in the SRG, (Compl. at ¶ II(D).), a classification used to denote gang members, (Def. Mem. at

*Mailed to plaintiff*

3.).  Plaintiff alleges, however, that he is not a gang member and that he was never given the opportunity to challenge being labeled as such.  (Compl. at ¶ II(B, D).)

Plaintiff claims that his SRG status has caused direct violations of his Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights because he no longer possesses "freedom of movement."  (Id. at ¶ II(D).)  Plaintiff alleges that, as a result of his status, he cannot "work throughout [his] incarceration," causing him loss of access to future employment. (Id. at ¶ II(B), ¶ III.) Plaintiff alleges that SRG status also subjects the inmate to "constant searches, harassment, and constant surviellance [sic]." (Id. at ¶ III.)  It also, according to plaintiff, "hieghtens [sic] the probability of punitive segregation [and] disciplinary action."  (Id.)

Plaintiff alleges that the entire correctional system, including the EMTC Administration, the DOC Commissioner and the Board of Correction and Inmate Grievances, applies the SRG label disproportionately to minority inmates based on stereotypes held by correction officials.  (Id. at ¶ II(D), ¶ V.)

Plaintiff indicated that he exhausted his administrative remedies by filing a grievance with "Inmate Grievance, Capt. of Security, Dep. of Security, Warden, BOC" and filing an Article 78 action.  (Id. at ¶ IV.)  There is no other information provided about these actions.

Plaintiff filed this action on December 28, 2011 alleging violations of his civil rights.  Plaintiff seeks $100,000,000 in damages on behalf of himself and all minorities affected by the SRG label.  (Id. at ¶ V.)  Defendant moves to dismiss the action for failure to state a claim upon which relief may be granted.

LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id (quoting Twombly, 550 U.S. at 555-56). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "'detailed factual allegations'" are not necessary. Id (quoting Twombly, 550 U.S. at 555-56).

In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, see id. at 678-79, and all reasonable inferences are drawn in favor of the plaintiff. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam). Moreover, plaintiff's pro se pleadings are "'to be liberally construed…[and], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Finally, an unopposed Rule 12(b)(6) motion is still subject to review on the merits. McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000).

DISCUSSION

Construing the Complaint liberally, it appears that plaintiff alleges that: (1) his due process rights were violated by the Warden, a person acting under color of state law, because he was not given an administrative hearing prior to his SRG classification; (2) his freedom of movement was restricted by his classification; (3) his right to be free from cruel and unusual

punishment was violated because, due to his SRG status, he cannot work throughout his incarceration; (4) his right to equal protection before the law, and that of his fellow minority inmates, was violated because minority males are "singled out" for SRG status; and (5) the City of New York had an official policy to target minorities in making SRG classifications.[1] The complaint will be construed as asserted under 42 U.S.C. § 1983. For the reasons set forth below, none of these claims are legally cognizable. Consequently, plaintiff's case is dismissed.

    A. <u>Plaintiff Has No Due Process Rights in His Classification.</u>

Plaintiff alleges that he was denied notice and a hearing before SRG status was imposed upon him, which has deprived him of his ability to obtain employment while incarcerated. Plaintiff also alleges that he is not a gang member and, therefore, should not be classified as SRG. These are the only factual allegations that plaintiff makes in connection to this claim.

In assessing whether a prison facility has afforded its inmates adequate procedural due process, courts acknowledge that prison administrators have wide discretion to adopt and execute policies and procedures that are in the best interest of the institution. See <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979). Regarding classification procedures, prison officials have "full discretion" to control conditions of confinement, which include prisoner classification, and prisoners have "no legitimate statutory or constitutional entitlement sufficient to invoke due process" in connection with such conditions. <u>Pugliese v. Nelson</u>, 617 F.2d 916, 923 (2d Cir. 1980); <u>see</u> <u>also</u> <u>Walker v. Shaw</u>, No. 08-CV-10043, 2010 WL 2541711, at *4 (S.D.N.Y. June 23,

---

[1] Although, in his Complaint, plaintiff claims that his Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights have been violated, his pleadings, liberally construed, arguably implicate only the Fifth, Eighth and Fourteenth Amendments. Therefore, the Sixth and Seventh Amendments are not discussed in this opinion.

2010) .  Consequently, prisoners have no liberty interest that protects them from security classification or mis-classification.  See Walker, 2010 WL 2541711 at *5.

Given the foregoing, the EMTC Administration had no constitutional obligation to provide plaintiff with notice or a hearing before it classified him under SRG, even if plaintiff is, as he alleges, not a gang member.  Therefore, this claim is not legally cognizable and is dismissed.

    B.  Plaintiff's Freedom of Movement Was Not Unconstitutionally Violated by His Classification.

Plaintiff alleges that his classification "does not allow freedom of movement." (Compl. at ¶ II(D).)  Construing the complaint liberally, the facts pleaded in connection to this claim are that plaintiff, as a result of his classification, was subject to "constant searches, harassment, and constant surveillance."  (Id. at ¶ III.)

Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights.  Sandin v. Conner, 515 U.S. 472, 485 (1995) (citing Jones v. NC Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977)).  A prisoner's liberty interest only arises when circumstances impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Plaintiff presents no facts to suggest that the restriction on his freedom of movement, as a consequence of his SRG classification, goes beyond the ordinary incidents of prison life.  Therefore, this claim is not legally cognizable and is dismissed.

    C.  Plaintiff's Eight Amendment Rights Were Not Violated.

Plaintiff alleges that, as a consequence of his SRG status, he was "illegally punished by not being allowed to work throughout [his] incarceration."  (Compl. At ¶ II(B).)

Under New York law, a prisoner does not have a statutory, regulatory or precedential right to a prison job.  See Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987) (citing Cooper v. Smith, 63 N.Y.2d 615, 616 (1984)).  Moreover, lack of employment while incarcerated does not present an "atypical and significant hardship on the inmate," but is, rather, an "ordinary incident of prison life."  See Sandin, 515 U.S. at 484.  Therefore, no liberty interest arises for plaintiff in this claim, necessitating its dismissal.

> D. Plaintiff's Right to Equal Protection Was
>    Not Violated by the SRG Classification.

Plaintiff alleges that the entire correctional staff in the state of New York is complicit in singling out minority males for SRG classification based on "a stereotype set by the Senior Administration."  (Compl. at ¶ II(D).)  Construing the Complaint liberally, the plaintiff is making an Equal Protection claim under the Fourteenth Amendment that minority prisoners are being treated differently than white prisoners with regard to SRG classification.  A successful equal protection claim requires the plaintiff to show that: (1) the plaintiff, compared with others similarly situated, was selectively treated and (2) that such selective treatment was based on impermissible considerations such as race.  Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000) (citing LeClair v. Saunders, 627 F.2d 606, 608-09 (2d Cir. 1980)).

Plaintiff does not provide any factual basis to support either element.  All of his allegations are entirely conclusory. Regarding the first element, plaintiff does not identify any other minorities that have been labeled SRG or any white prisoners who are similarly situated and have not been classified SRG.  Regarding the second element, he does not plead that the classification is based on any discriminatory animus.  All he alleges in relation to the second element is that there is some "sterotype" set by senior officials with no description of its nature.

6

Even if it is true that minorities are disproportionately classified as SGR, without any factual allegations regarding discriminatory animus, disparate impact alone is insufficient to sustain an equal protection claim.  See Washington v. Davis, 426 U.S. 229, 239 (1976).  Thus, this is not a plausible claim and it is, therefore, dismissed.

      E.   Plaintiff Has Failed to Plead Facts Demonstrating Municipal Liability.

Plaintiff alleges that the entire New York City Department of Corrections' staff is complicit in a "stereotype" against minority inmates. In Monell v. New York City Dept. of Social Services, the Court held that a municipality may be held liable for unconstitutional acts of its employees if plaintiff pleads and proves that official policy, custom or practice caused the plaintiff's alleged injuries.  436 U.S. 658, 691-94 (1978).  However, Monell claims must still meet the plausibility standard of Twombly and Iqbal.  See Rodriguez v. City of New York, No. 10-CV-1849, 2011 WL 4344057 at *4 (S.D.N.Y. Sept. 7, 2011).  Here, plaintiff has pleaded no facts that give rise to any reasonable inference that DOC had an official policy to classify minorities as SRG based on an officially recognized "stereotype."  Plaintiff only provides conclusory statements regarding the existence of this stereotype.  Consequently, this claim is dismissed.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk is directed to enter judgment for the defendants.  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 24, 2012